UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW PATTERSON BRETZ, | Case No.  1:20-cv-00663-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST CLAIM |
| v. | |
| UNITED STATES DISTRICT COURT, | RESPONSE DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |

Petitioner Drew Patterson Bretz, a state pre-trial detainee without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241.[1]  ECF No. 1.  This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  Because it appears that petitioner has failed to exhaust his claim at the state level, we will order him to show cause why his petition should not be dismissed for failure to exhaust.

---

[1] Although petitioner has filed his petition on a California state habeas petition form, we will consider his petition under 28 U.S.C. § 2241, which is the proper vehicle for state pre-trial detainees seeking federal habeas relief.  *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1

**Discussion**

Petitioners in state custody challenging either the fact or length of their confinement in federal court must first exhaust state judicial remedies by presenting the highest state court with a fair opportunity to rule on the merits of their claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under § 2241(c)(3), applicable to pretrial detainees, there is no exhaustion requirement mandated by statute. However, exhaustion is necessary for pre-trial detainees as a matter of comity pursuant to § 2241, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. *See Carden v. Montana,* 626 F.2d 82, 83-84 (9th Cir. 1980) (explaining that "special circumstances" which relieve a petitioner from the exhaustion requirement are instances of proven harassment, bad-faith prosecution, or other extraordinary circumstances where irreparable injury is imminent).

Here, petitioner states that he has been in pre-trial custody since November 2017 without being charged or indicted with any crime. ECF No. 1 at 3. He alleges that he has not been given a detention hearing and seeks an order from this court requiring the state court to hold such a hearing. *Id*. However, it appears that petitioner has not sought any state judicial review of his claim.[2] *See id*. at 5-6. Moreover, petitioner does not allege any special circumstances that would relieve him of his obligation to exhaust his claim. Therefore, we will order petitioner to show cause why his petition should not be dismissed for failure to exhaust his claim.

**Order**

Within thirty days of the service of this order, petitioner must show cause why his petition should not be dismissed for failure to exhaust his claim.

---

[2] Petitioner states "N/A" for all sections related to exhaustion in his petition.

IT IS SO ORDERED.

Dated: __May 14, 2020__  _____
UNITED STATES MAGISTRATE JUDGE

No. 206.

3