1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DREW PATTERSON BRETZ,                    Case No.   1:20-cv-00663-JDP

12          Petitioner,                       FINDINGS AND RECOMMENDATIONS
                                              THAT COURT ABSTAIN FROM
13      v.                                    EXERCISING JURISDICTION AND
                                              DISMISS THE CASE WITHOUT PREJUDICE
14   UNITED STATES DISTRICT COURT,
                                              OBJECTIONS DUE IN FOURTEEN DAYS
15          Respondent.
                                              ECF No. 1
16
                                              ORDER DISCHARGING MAY 15, 2020
17                                            ORDER TO SHOW CAUSE

18                                            ECF No. 4

19                                            ORDER DIRECTING CLERK OF COURT TO
                                              ASSIGN CASE TO DISTRICT JUDGE
20

21          Petitioner Drew Patterson Bretz, a state pre-trial detainee without counsel, seeks a writ of

22   habeas corpus under 28 U.S.C. § 2241.[1]  ECF No. 1.  Petitioner claims that his continued pre-trial

23   detention violates his constitutional rights.  *Id*. at 3.  Specifically, he claims that he is being held

24   in state detention on a 2017 federal warrant without ever being formally charged with a federal

25   crime.  *Id*.  On May 15, 2020, we ordered petitioner to show cause why his petition should not be

26

27   _____
     [1] Although petitioner has filed his petition on a California state habeas petition form, we will
28   consider his petition under 28 U.S.C. § 2241—the proper vehicle for state pretrial detainees
     seeking federal habeas relief.  *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1    dismissed for failure to exhaust his claim before the state courts.  ECF No. 4.  On June 10, 2020,

2    petitioner responded to our order to show cause, stating that he has taken all steps available to

3    him to exhaust his claims.[2]  ECF No. 7.  We will discharge our order to show cause.  ECF No. 4.

4    However, because petitioner's state criminal case is ongoing (and he is detained in that case), we

5    recommend that the court decline to exercise jurisdiction over this petition, dismiss the petition

6    without prejudice, and decline to issue a certificate of appealability.

7    **Discussion**

8         In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that a federal court

9    generally cannot interfere with pending state criminal proceedings.  This holding, commonly

10   referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity.

11   *See id.*  In the habeas context, "[w]here . . . no final judgment has been entered in state court, the

12   state court proceeding is plainly ongoing for purposes of *Younger.*"  *Page v. King*, 932 F.3d 898,

13   902 (9th Cir. 2019).  Absent rare circumstances, a district court must dismiss such actions.  *See*

14   *Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir.

15   2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or

16   prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

17   conviction and perhaps in other extraordinary circumstances where irreparable injury can be

18   shown" is federal intervention in an on-going state criminal proceeding appropriate.).

19        Petitioner is currently detained in Fresno County Jail while awaiting trial for his 2017

20   state domestic violence charges.  ECF No. 1 at 2.  Petitioner claims that he was granted bail for

21   his state charges but is in continued detention solely due to a federal warrant for an unrelated

22   federal criminal charge.  *Id*. at 3; *see United States v. Bretz*, 1:17-mj-00167-SAB (E.D. Cal. Sept.

23   25, 2017).  Contrary to petitioner's assertions, the Fresno County Superior Court's public docket

24   reveals that petitioner has been held continually in Fresno County Jail since 2017 on account of

25   his state domestic violence charges.[3]  A settlement conference in petitioner's state domestic

26   ─────────────────────

27   [2] Although insufficient to prove exhaustion for purposes of federal habeas relief, petitioner has
     provided proof of two recent grievances he submitted to Fresno County.  ECF No. 1 at 7-8.

28   [3] We have reviewed the Fresno County Superior Court's public docket and take judicial notice of
     it per Rule 201 of the Federal Rules of Evidence.  *See* Fresno County Superior Court Smart

1  violence case is scheduled for July 23, 2020.  Petitioner has presented no proof that he is being

2  held on his federal charges, and he has failed to show that extraordinary circumstances warrant

3  this court's intervention in his state criminal proceedings.[4]  *See Perez,* 401 U.S. at 82; *Carden v.*

4  *Montana*, 626 F.2d 82, 84 (9th Cir. 1980).  Accordingly, this court should decline to intervene.

5  **Order**

6        The May 15, 2020 order to show cause is discharged.  ECF No. 4.  The clerk of court is

7  directed to assign this case to a district judge for the purposes of reviewing these findings and

8  recommendations.

9  **Certificate of Appealability**

10        A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

11  court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;

12  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a

13  district court to issue or deny a certificate of appealability when entering a final order adverse to a

14  petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th

15  Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial

16  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires

17  the petitioner to show that "jurists of reason could disagree with the district court's resolution of

18  his constitutional claims or that jurists could conclude the issues presented are adequate to

19  deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v.*

20  *McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the

21  denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of

22  appealability.

23

24  Search, https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/Dashboard/29 (search
    by name for "Bretz, Drew").  On September 28, 2017, in state criminal case F17903791,

25  petitioner was remanded into custody, and his bail was set at $380,000.  As of May 14, 2020,
    petitioner's bail remained set at $380,000, and he remained in state custody at the county jail.

26  [4] Moreover, petitioner recently sought habeas relief from Fresno County Superior Court.  *See*

27  *Bretz v. Fresno County Superior Court*, No. 20CRWR685495 (May 5, 2020).  In the event this
    petition concerns the same claim as the instant petition, it warrants our abstention.  *See Page*, 932

28  F.3d at 902.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court decline to exercise jurisdiction under the *Younger* abstention doctrine, dismiss the case without prejudice to refiling once petitioner has exhausted any future federal habeas claims before the state courts, and decline to issue a certificate of appealability.  ECF No. 1.  These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   __June 24, 2020__                                        _____
                                                                                 UNITED STATES MAGISTRATE JUDGE

No. 206.

4