UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW PATTERSON BRETZ, | Case No. 1:20-cv-00663-NONE-JDP |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES DISTRICT COURT, | (Doc. No. 9) |
| Respondent. | |

Petitioner Drew Patterson Bretz, a state pre-trial detainee without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. No. 1.) Petitioner claims that his continued pre-trial detention violates his constitutional rights. (*Id*. at 3.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 25, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the court abstain from exercising jurisdiction over the petition under *Younger v. Harris*, 401 U.S. 37, 44 (1971), in light of the fact that the state criminal proceedings against petitioner pursuant to which he is being held in pretrial detention are still ongoing. (Doc. No. 9.) The magistrate judge recommended dismissal of the petition pursuant to *Younger*. (*Id*. at 2.) The

---

[1] Although petitioner filed his petition on a California state habeas petition form, this court considered his petition under 28 U.S.C. § 2241—the proper vehicle for state pretrial detainees seeking federal habeas relief. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1

1 findings and recommendations also recommended that a certificate of appealability not be issued.
2 (*Id.* at 3.) The findings and recommendations were served on petitioner and contained notice that
3 objections thereto were due within 14 days of service. (*Id.*) Petitioner did not file any objections
4 to the pending findings and recommendations and the time to do so has passed.

5     In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
6 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
7 including the petitioner's objections, the court concludes that the findings and recommendations
8 are supported by the record and proper analysis.

9     Having found that petitioner is not entitled to habeas relief, the court now turns to whether
10 a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no
11 absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed
12 under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
13 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district
14 court issue or deny a certificate of appealability when entering a final order adverse to a
15 petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
16 Cir. 1997).

17     If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only
18 issue a certificate of appealability when "the applicant has made a substantial showing of the
19 denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the
20 petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
21 that) the petition should have been resolved in a different manner or that the issues presented
22 were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,
23 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

24     In the present case, the court concludes that petitioner has not made the required
25 substantial showing of the denial of a constitutional right to justify the issuance of a certificate of
26 appealability. Reasonable jurists would not find the court's determination that petitioner is not
27 entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that
28

petitioner is deserving of encouragement to proceed further with this habeas action. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 25, 2020 (Doc. No. 9) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: __**July 22, 2020**__   _____
                              UNITED STATES DISTRICT JUDGE